IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MARIA SALCIDO                                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO.   2:11CV173-KS-MTP

UNIVERSITY OF SOUTHERN MISSISSIPPI, ET AL.                              DEFENDANTS

**ORDER**

THIS MATTER is before the court on the Motion [13] Regarding Compliance with Court Order Pertaining to Procedural Status and Discovery Issues filed by Plaintiff. Having considered the submissions of the parties, the court finds that the Motion [13] should be denied.

On March 2, 2012, the court conducted a telephonic status conference to address what discovery, if any, is necessary to decide the immunity issues raised in the Motion to Dismiss, or in the Alternative, for Summary Judgment [7][9] filed by the Defendants. The parties were unable to agree on the discovery parameters during the conference. Accordingly, the court requested submissions from the parties.

As an initial matter, the court notes that Plaintiff's counsel represents that he and defense counsel "agreed that, since discovery regarding issues *not pertaining to Qualified Immunity* is required to be allowed, full discovery should proceed as long as the Defendants do not waive anything by doing so."[1] *See* Memo. [14] at 2 (emphasis in original). Defendants dispute this

---

[1] Local Uniform Civil Rule 16(b)(3)(B) provides just the opposite:

> Filing a motion to compel arbitration, an immunity defense or jurisdictional defense motion stays the attorney conference and disclosure requirements and all discovery not related to the issue pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to a motion asserting an immunity defense or jurisdictional defense is a decision committed to the discretion of the court.

L.U.Civ.R. 16(b)(3)(B).

representation. The court agrees with Defendants that no such agreement was made during the telephonic status conference. Indeed, if the parties had agreed on a discovery plan, no submissions would have been necessary and this order would not be necessary.

Plaintiff devotes a large portion of her submissions to arguing why she has sufficiently pled her claims. That issue is before the district judge in the pending Motion to Dismiss or in the Alternative, for Summary Judgment [7][8] filed by Defendants.

Plaintiff's submissions do not request discovery that is narrowly-tailored to the qualified immunity issues; rather, Plaintiff suggests that "full," "thorough," and "extensive" discovery is needed. *See* Motion [13] at 7, 9-10; Memo. [14] at 5, 7, 10-11; Reply [19] at 1.

Defendants argue that Plaintiff's motion should be denied in its entirety, and that no discovery should be allowed, as their immunity defense does not turn on a factual issue. *See* Response [17] at 4-5 (citing *Shultea v. Wood*, 47 F.3d 1427, 1343 (5th Cir. 1995) ("The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.")).

"[Q]ualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). "Discovery designed to flesh out the merits of a plaintiff's claim before a ruling on the immunity defense or discovery permitted in cases where the defendant is clearly entitled to immunity would certainly fall within this category." *Lion Boulos*, 834 F.2d at 507; *see also Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). However, discovery may be permitted despite a defendant's claim of qualified immunity when: "the

defendant's immunity claim turns at least partially on a factual question; when the district court is unable to rule on the immunity defense without further clarification of the facts; and [when the discovery order is] narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Lion Boulos*, 834 F.2d at 507.

"Discovery under *Lion Boulos* may not proceed, however, until the district court 'first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Schultz v. Tex. State Bd. of Exam'rs*, 58 F.3d 637, 1995 WL 371272, at *2 (5th Cir. 1995)*; see also Wicks*, 41 F.3d at 994. Defendants' Motion to Dismiss or in the Alternative, for Summary Judgment [7][8], claiming that Plaintiff's claims are insufficiently pled, is currently pending. Thus, the court has not yet decided this issue, and under *Lion Boulos*, discovery may not proceed before this threshold issue is decided. *Id.* at *2-*3; *see also Culpepper v. Williams*, No. CIVA 106CV125-LG-JMR, 2007 WL 1878010, at *1 (S.D. Miss. June 27, 2007)[2] ("This Court has not yet ruled on Defendant's Motion to dismiss, and therefore has not made a determination as to whether Plaintiff has asserted facts which, if true, would overcome Defendant's immunity defense. Therefore, Plaintiff's Motion to Conduct Discovery is denied."); *Winstead v. Box*, 419 F. App'x 468, 468-69 (5th Cir. 2011) (vacating the district court's order permitting discovery into facts relevant to the officer's qualified immunity defense, reasoning "[s]uch discovery may be proven necessary, but we conclude that the district court did not make the required inquiries [regarding the sufficiency of the complaint] prior to determining

---

[2]The court notes that Plaintiff referenced the wrong "Judge Guirola" opinion in his Memorandum. *See* Memo. [14] at 9. Plaintiff cited to *Culpepper v. Williams*, No. 1:06cv125-LG-JMR, 2007 WL 2406970, at *1 (S.D. Miss. Aug. 20, 2007), which is the opinion granting in part and denying in part the motion to dismiss. That order did not discuss discovery related to qualified immunity. The discovery issue was addressed in the order cited above.

whether to order such discovery"); *Largent v. City of Dallas*, 44 F.3d 1004, 1995 WL 10516, at *3 (5th Cir. 1995).[3]  Accordingly,

    IT IS, THEREFORE, ORDERED:

    1.    Plaintiff's Motion [13] Regarding Compliance with Court Order Pertaining to Procedural Status and Discovery Issues is denied.  Discovery is hereby stayed pending further order.

    2.    Plaintiff shall file her response to the Defendants' Motion to Dismiss or in the Alternative, for Summary Judgment [7][8] on or before May 4, 2012.  Plaintiff shall promptly notify the undersigned of a decision on the Motions and must submit a proposed order lifting the stay.  Within fourteen days of the order lifting the stay, the parties must confer in accordance with L.U.Civ.R. 26(c), and new case deadlines will be set during a case management conference to be scheduled by the court.

---

[3] In *Largent*, the Fifth Circuit stated that it was in "substantial agreement" with the Tenth Circuit's analysis regarding discovery in qualified immunity cases:

> Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred. The question is purely legal, and a court cannot avoid answering the question by framing it as factual. The court must first determine whether the actions defendants took are 'actions that a reasonable [person] could have believed lawful.' If the actions are those that a reasonable person could have believed were lawful, defendants are entitled to dismissal before discovery. If the actions are not those that a reasonable person could have believed were lawful, then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved. However, any such discovery must be tailored specifically to the immunity question.

*Largent v. City of Dallas*, 44 F.3d 1004, 1995 WL 10516, at *3 (5th Cir. 1995) (quoting *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.1992)).

SO ORDERED on this 19th day of April, 2012.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge