# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**MARIA SALCIDO**                                                                              **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO.  2:11CV173-KS-MTP**

**UNIVERSITY OF SOUTHERN MISSISSIPPI, ET AL.**                **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Motion [21] for Reconsideration, or in the Alternative, for Clarification of the court's Order [20] entered on April 19, 2012.  Having considered the motion, the court finds that it should be denied.

On April 19, 2012, the court entered an Order [20] denying Plaintiff's Motion [13] Regarding Compliance with Court Order Pertaining to Procedural Status and Discovery Issues, and stayed all discovery pending further order.  In her Motion [21], Plaintiff asks the court to reconsider its order denying discovery, or in the alternative, to clarify its order to state whether narrowly-tailored discovery will be allowed.[1]

As stated in its Order [20], Defendants' Motion to Dismiss or in the Alternative, for Summary Judgment [7][8], claiming that Plaintiff's claims are insufficiently pled, is currently pending before the district judge.  Thus, under *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987), discovery may not proceed before this threshold issue is decided.  The court stayed <u>all</u> discovery pending further order.  *See* Order [20].

This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th

---

[1]While the motion ostensibly now seeks "narrow" discovery, the scope of the discovery requests outlined in the motion is quite broad and essentially amounts to full discovery.  *See* Motion [21] at 3-4.

Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure."[2] *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. App'x 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present,

---

[2]Rule 59(e) is not technically applicable to Plaintiff's motions since the Order [20] was not a final "judgment." *See* Fed. R. Civ. P. 54; 59(e); 72. However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders. *See W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman v. Hartford Life & Acc. Ins. Co.*, No. Civ.A. 03-0759, 2006 WL 861016, at *1 (E.D. La. Mar. 30, 2006); *Martinez v. Bohls Equip.Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (July 18, 2005). Accordingly, the court will apply the same standard to the instant motion.

the court must deny the motion. *Id.* at *3.

Plaintiff has failed to demonstrate any of these grounds. Accordingly, Plaintiff's Motion to Reconsider [21] should be denied.

IT IS, THEREFORE, ORDERED:

Plaintiff's Motion [21] for Reconsideration, or in the Alternative, for Clarification of the court's Order [20] is DENIED.

SO ORDERED on this 7th day of May, 2012.

s/ Michael T. Parker  
United States Magistrate Judge