IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MARIA SALCIDO**                                                                                         **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 2:11-CV-173-KS-MTP**

**THE UNIVERSITY OF SOUTHERN
MISSISSIPPI, et al.**                                                                              **DEFENDANTS**

## ORDER

For the reasons stated below, the Court **denies** Defendants' Motion to Dismiss [7], **denies** Plaintiff's second Motion to Strike [66], and **denies** Plaintiff's first Motion to Strike [26]. The Court will consider Defendants' Motion for Summary Judgment [9] after Plaintiff has the opportunity to file a sur-reply.

### A.    *Motion to Dismiss [7]*

Defendants filed their Motion to Dismiss [7] Plaintiff's original Complaint on December 21, 2011. On June 11, 2012, the Court granted Plaintiff's Motion to Amend [28] the Complaint, and Plaintiff filed an Amended Complaint [51] on June 18, 2012. Therefore, as Plaintiff's Amended Complaint is now the operative pleading, Defendants' Motion to Dismiss [7] is **denied as moot.**

### B.    *Motion to Strike [66]*

On November 6, 2012, Plaintiff filed her second Motion to Strike [66] Defendants' Motion to Dismiss [7]. The Court denied the Motion to Dismiss [7] as moot. Therefore, Plaintiff's second Motion to Strike [66] is also **denied as moot**.

### C.    *Motion to Strike [26]*

On May 8, 2012, Plaintiff filed her first Motion to Strike [26] Defendants' Motion to Dismiss [7] and Motion for Summary Judgment [9]. The Court already denied the Motion to Dismiss [7] as moot. Therefore, Plaintiff's first Motion to Strike [26] is **denied as moot** insofar as it pertains to the Motion to Dismiss [7].

Plaintiff argues that Defendants' Motion for Summary Judgment [9] should be stricken because Defendants failed to raise immunity defenses separate from other defenses. Local Rule 16 provides: "A motion to compel arbitration, an immunity defense or a jurisdictional defense must be raised by a separate motion as expeditiously as practicable after service of process." *See* L.U.Civ.R. 16(b)(3)(A). This rule does not require that immunity defenses be presented in motions separate from other defenses. It requires that immunity defenses be asserted in a motion separate from the answer, as indicated by the rule's reference to service of process. In any case, Plaintiff has not demonstrated that Defendants' inclusion of multiple defenses in a single motion prejudices her in any way.

Plaintiff also argues that the Motion for Summary Judgment [9] should be stricken because she has not had an opportunity to conduct broader discovery. This argument has no merit. The Fifth Circuit's discovery procedures in cases with immunity defenses are clear:

> One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive. Consequently, this court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense. . . . . [A] district court must first find that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.

> Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *After* the district court finds a plaintiff has so pled, if the court remains unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim.

*Backe v. Leblanc*, 691 F.3d 645, 648 (5th Cir. 2012) (punctuation and citations omitted). The Court allowed this case to go wildly off-track by not strictly adhering to the procedure outlined above. Indeed, this "is *precisely* the point of qualified immunity: to protect public officials from expensive, intrusive discovery until and unless the requisite showing overcoming immunity is made." *Id.*[1]

Plaintiff argues that Local Rule 16(b)(3) automatically allows immunity-related discovery. *See* L.U.Civ.R. 16(b)(3)(B) ("Filing . . . an immunity defense . . . motion stays . . . all discovery not related to the issue pending the court's ruling on the motion."). This argument is irrelevant, as the Court allowed Plaintiff to conduct immunity-related discovery.

---

[1] A Defendant may, however, elect to reserve some qualified immunity arguments until after the completion of general discovery. Qualified immunity arguments generally fall into one of two categories: Rule 12(b)(6)-type arguments that a plaintiff has failed to allege the deprivation of a clearly established constitutional right, or Rule 56-type arguments that a defendant's conduct was objectively reasonable in light of the circumstances. Generally, the former can be addressed before discovery, while the latter can not. For this reason, Defendants frequently elect to reserve their fact-based qualified immunity arguments until after general discovery has been completed. *See, e.g.,* Agreed Motion for Order Regarding Rule 16, Immunity Defenses, and Discovery, *Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP (S.D. Miss. Mar. 22, 2012), ECF No. 6. The Court certainly does not discourage this practice, as it consistently yields more efficient case resolution.

Plaintiff may also argue that the Motion for Summary Judgment [9] should be stricken because she filed an Amended Complaint. But the filing of an amended complaint does not necessarily render a pending motion for summary judgment moot. *See Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1293 (5th Cir. 1994). Defendants here did not file a supplemental memorandum in support of their motion, as the *Emplanar* defendants did. But the Amended Complaint did not materially alter Plaintiff's claims, and she had an opportunity to conduct limited discovery and respond to the motion after she had amended.

For all of these reasons, the Court **denies** Plaintiff's first Motion to Strike [26] as it pertains to Defendants' Motion for Summary Judgment [9].

### D.   *Moving Forward*

Defendants filed both a Motion to Dismiss [7] and a Motion for Summary Judgment [9]. The two motions are identical, and both rely upon the same memorandum of law. Most of Defendants' arguments are Rule 12(b)(6)-type arguments in which Defendants contend that the allegations of Plaintiff's Complaint are not sufficient to state a claim or overcome qualified immunity. Plaintiff filed an Amended Complaint [51], though, and Defendants' arguments concerning the allegations of the original complaint may be inapposite. The parties also conducted limited discovery after Defendants filed their Motion for Summary Judgment [9].

For these reasons, presumably, Defendants included new evidence and argument in their reply brief [82] to which Plaintiff was not given an opportunity to respond. Ordinarily, the Court would not interject itself and raise a party's objection

for them. But at this point, the Court's chief concern is moving forward with the case while avoiding error and/or prejudice to any party. The case can not proceed until the Court addresses Defendants' pending dispositive motions. Therefore, the most efficient course of action is to allow Plaintiff to file a sur-reply[2] addressing the evidence and arguments in Defendants' reply which were not included in Defendant's original motion [9] and memorandum [8].

### E.   *Conclusion*

For the reasons stated above, the Court **denies** Defendants' Motion to Dismiss [7], **denies** Plaintiff's second Motion to Strike [66], and **denies** Plaintiff's first Motion to Strike [26]. With respect to Defendants' Motion for Summary Judgment [9], Plaintiff may file a sur-reply which only addresses the new evidence and arguments contained in Defendants' reply [82] on or before **May 8, 2013**. If any party objects to the Court's consideration of Defendants' Motion for Summary Judgment [9] under these circumstances, they must make their objections on the record on or before **May 8, 2013**. The Court is disinclined to grant any extension of these deadlines.

SO ORDERED AND ADJUDGED this 1st day of May, 2013.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE

---

[2]"[A] district court may rely on arguments and evidence presented for the first time in a reply brief as long as the court gives the nonmovant an adequate opportunity to respond." *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004).